NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2221
_____

JOHN WILSON, JR.,
Appellant

v.

LOCK HAVEN UNIVERSITY
SHARON E. TAYLOR

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-09-cv-02566)
District Judge: Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
March 19, 2012

Before:  RENDELL, FISHER and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion Filed:  April 5, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

John Wilson, Jr. appeals from an order granting summary judgment in favor of his

former employer, Lock Haven University, and dismissing Wilson's claims of race-based

discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-1 to

2000e-17) and the Pennsylvania Human Relations Act (PHRA, 43 Pa. Cons. Stat. §§ 951-963). We will affirm.

From 1999 through 2011, Wilson, who is African American, worked as the head coach of the men's basketball team at Appellee Lock Haven University of Pennsylvania ("LHU"). Beginning in 2002, Wilson received several poor performance evaluations from LHU Athletic Director Sharon Taylor. The evaluations document great concern for Wilson's fundraising, his players' low grades, and his team's poor win-loss record. On two occasions, Wilson was suspended by the NCAA after it was discovered that he allowed students to play even though they were not eligible under league rules.

In April 2009, Wilson was told that his employment contract would not be renewed when it expired in 2011. He filed a complaint in December 2009, alleging that LHU and Taylor discriminated against him on the basis of race and created a hostile work environment. Wilson claimed that his race played a role in his poor performance evaluations (which made him ineligible for merit-based pay increases) and the non-renewal of his employment contract. As evidence, he pointed to his belief that LHU athletes with white coaches were treated better than Wilson's players with respect to rule violations. He claimed that, because of his race, LHU failed to adequately come to his defense when it was determined that he had violated NCAA rules, barred him from scheduling certain away games, and treated him differently with respect to financial aid. He alleged that his assistant coach was offered a lower salary than another assistant coach. He also pointed to an email he sent to Taylor in which he refers to Taylor's

comment that the Presidential search committee consisted of three retired white men and Taylor's question to him as to whether he thought she was racist.

The District Court granted Defendants partial judgment on the pleadings, dismissing all claims under the PHRA against LHU and under Title VII against Taylor. Defendants then moved for summary judgment. Magistrate Judge William T. Prince filed a Report and Recommendation ("R&R"), which found that Taylor failed to offer evidence connecting the adverse employment actions he claims to have experienced with his race, and failed to show that Defendants' proffered explanation for those actions was pretextual. The District Court adopted the R&R in its entirety, and granted summary judgment to the defendants.

## II.[1]

Wilson submits that he was fired from his position due to racial discrimination. We analyze this claim using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Initially, the plaintiff bears the burden of establishing a prima facie case of discrimination or retaliation. Establishing a prima facie case of employment discrimination requires a showing that: (1) the plaintiff belongs to a protected class; (2) the plaintiff was qualified for the position; (3) the plaintiff was subject to an adverse employment action despite being qualified; and (4) the adverse

---

[1] The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over this appeal from an order granting summary judgment. Thus, we must determine whether there is a genuine issue of material fact for trial. In doing this, we must view all facts and draw all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

employment action was made under circumstances raising an inference of discriminatory action. *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802). If the plaintiff succeeds in doing so, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the adverse employment action. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). When that burden is met, the burden shifts back to the plaintiff to show that the employer's stated reason is pretextual. *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1067 (3d Cir. 1996).

We agree with the District Court that Appellant failed to establish a prima facie case because he did not offer evidence that ties any of the conduct he complains of to his race. *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 366 (3d Cir. 2008) (citing *Iadimarco v. Runyon*, 190 F.3d 151, 162 (3d Cir. 1999)). The comparisons Wilson makes between himself and other coaches were unsupported by any record evidence and, thus, he has failed to demonstrate that other similarly situated individuals were treated any differently, regardless of race. Wilson's bare allegations that his treatment was based on his race is insufficient to withstand summary judgment. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

We also agree with the District Court that Defendants assert several non-discriminatory reasons for the adverse employment actions against Wilson, and Wilson failed to offer sufficient evidence to show that their reasoning is actually a pretext for discrimination.

III.

For the foregoing reasons, we will affirm the order of the District Court.